AO 106 (Rev. 04/10) Application for a Search Warrant

FILED ENTERED
LODGED RECEIVED

OCT 23 2018

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                              DEPUTY

# UNITED STATES DISTRICT COURT
for the
Western District of Washington

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* ) Case No. MJ18-482
Six cellular devices (SUBJECT DEVICES 1-6), )
more particularly described in attachment A )
)

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A, attached and incorporated herein, for a list of items to be searched.

located in the _____Western_____ District of _____Washington_____, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B, attached and incorporated herein, for a list of items to be seized.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☑ contraband, fruits of crime, or other items illegally possessed;
☑ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 922(g)(1) | Felon in Possession of a Firearm |
| 21 U.S.C. 841(a)(1), 846 | Distribution/Possession with Intent to Distribute Heroin |
| 18 U.S.C. 924(c) | Possession of Firearms in Furtherance of Drug Trafficking Crimes |

The application is based on these facts:
See the Affidavit of Special Agent Nathaniel Merritt (ATF)

☑ Continued on the attached sheet.
☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
Applicant's signature

Special Agent Nathaniel Merritt (ATF)
*Printed name and title*

Sworn to before me and signed in my presence.

Date: ____10/23/2018____

_____
Judge's signature

City and state: Seattle, Washington    Hon. Mary Alice Theiler, United States Magistrate Judge
*Printed name and title*

USAO No. 2015R00933

# AFFIDAVIT

STATE OF WASHINGTON  )
                     )  ss
COUNTY OF KING       )

I, Nathaniel Merritt, a Special Agent with the Federal Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF), in Seattle, Washington, having been duly sworn, state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I am a Special Agent (SA) with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF). I am assigned to the Seattle, Washington, Field Office. I have been an ATF Special Agent since July 27, 2014. I graduated from the Criminal Investigator Training Program and the ATF Special Agent Basic Training Program, which are both located at the Federal Law Enforcement Training Center in Glynco, Georgia. I am responsible for investigating and enforcing violations of federal firearms laws. In addition to cases involving firearms, I have worked on several cases involving a controlled purchase of narcotics and received specific training toward the identification of different types of narcotics.

## PURPOSE OF AFFIDAVIT

2. This Affidavit is submitted in support of an application to search six cellular devices, **SUBJECT DEVICES 1, 2, 3, 4, 5, and 6** (collectively, "**SUBJECT DEVICES 1-6**"), described in Attachment A, attached hereto and incorporated by this reference as if set forth fully herein. As further explained below, these devices were all recovered from a white Audi sedan bearing Washington license plate BIS8300. Suspect KEVIN TA was sitting in the driver's seat of the Audi when he was arrested on June 21, 2018 for distribution of controlled substances and a warrant.

   a. **SUBJECT DEVICE 1** is an iPhone S Model A1634 ID: BCG-E2944A IC: 579C-E2944A in a black Otter Box case, recovered from the driver's seat area of the white Audi and believed to belong to KEVIN TA.

AFFIDAVIT OF SPECIAL AGENT MERRITT - 1
USAO 2018R00935

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

   b. **SUBJECT DEVICE 2** is an iPhone of unknown model in a Caseology case with no identifying number visible, recovered from the driver's seat area of the white Audi and believed to belong to KEVIN TA.

   c. **SUBJECT DEVICE 3** is an iPhone of unknown model in a Divi case with no identifying number visible, recovered from the driver's seat area of the white Audi and believed to belong to KEVIN TA.

   d. **SUBJECT DEVICE 4** is a Huawei Nexus Model H1511 bearing serial number 34B 7N 15803000159, recovered from the driver's seat area of the white Audi and believed to belong to KEVIN TA.

   e. **SUBJECT DEVICE 5** is a Galaxy S9 in a UAG case with no identifying number visible, recovered from the driver's seat area of the white Audi and believed to belong to KEVIN TA.

   f. **SUBJECT DEVICE 6** is a LG Model k330 S/N: 601CYUK075734, recovered from a backpack in the trunk of the white Audi and believed to belong to KEVIN TA.

3. **SUBJECT DEVICES 1-6** are currently secured in ATF custody at the Seattle Field Division Office, located at 1521 First Avenue South, Suite 600, in Seattle, Washington.

4. As set forth below, there is probable cause to believe that **SUBJECT DEVICES 1-6** contain evidence, fruits and instrumentalities of the following crimes: felon in possession of a firearm, in violation of Title 18, United States Code, Section 922(g)(1), distribution and possession with intent to distribute heroin in violation of Title 21, United States Code, Section 841(a)(1), and possession of firearms in furtherance of drug trafficking, in violation of Title 18, United States Code, Section 924(c)(1)(A), as further described in Attachment B, attached hereto and incorporated by this reference as if set forth fully herein.

5. The information set forth in this Affidavit consists of information I have gathered and observed firsthand through the course of this investigation to date, as well as information relayed to me by other law enforcement officers, my review of law enforcement reports, and interviews of witnesses. Since this Affidavit is being submitted

AFFIDAVIT OF SPECIAL AGENT MERRITT - 2
USAO 2018R00935

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

for the limited purpose of obtaining a search warrant, I have not included every fact known to me concerning this investigation. I have set forth only the facts that I believe are essential to establish the necessary foundation for the issuance of such warrant.

## SUMMARY OF INVESTIGATION

**A.     Overdose investigation in May 2018.**

6.     On May 6, 2018, KCSO deputies responded to two separate overdose calls originating from an apartment complex in Burien, Washington. The calls came about eight hours apart from the same apartment unit. Two brothers overdosed on the same bag of fentanyl. One brother survived and the other, DLM, did not.

7.     On May 24, 2018, KCSO Detective Sergeant Myers and Detective Fitchett met with DLM's mother, TAM. She was present during both overdoses and provided a statement. During that conversation, TAM told Detective Fitchett that she accessed DLM's phone and found messages between DLM and KEVIN TA that discussed TA selling controlled substances to DLM. The conversation between DLM and TA took place via Facebook Messenger. The message timeline was consistent with the overdose and established a dealer/customer relationship between TA and DLM.

8.     TAM provided written consent to search the phone and allowed detectives to capture screen shots of the Facebook messaging conversation between DLM and TA. During his Facebook conversation with DLM, "Kevin Ta" mentions driving a white Audi.

9.     On May 25, 2018, Detective Fitchett met with TAM and DLM's brother at Precinct 4 in Burien, Washington. DLM's brother gave an audio-recorded statement that described his overdose and DLM's overdose. During that conversation, DLM's brother stated that he and DLM overdosed on drugs supplied by KEVIN TA.

**B.     TA's Arrest on June 21, 2018.**

10.     Between December 2017 and June 2018, the Bellevue Police Department conducted three controlled purchases of a controlled substances from KEVIN TA. Detective Fitchett was present for two of the controlled purchases. On June 15, 2018,

AFFIDAVIT OF SPECIAL AGENT MERRITT - 3
USAO 2018R00935

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Detective Fitchett applied for and was granted a search warrant for the person of KEVIN TA and his residence.

11. On June 21, 2018, KCSO and Bellevue detectives executed a search warrant on KEVIN TA'S residence at 121 South 208th Street, in Des Moines, Washington. KEVIN TA was taken into custody while sitting in the driver's seat of a white Audi S4 sedan bearing license plate BIS8300. Just prior to his arrest, TA was seen carrying a backpack from the residence to the trunk of the Audi. When Detective Fitchett arrived on scene, he saw that the trunk of the Audi was open and next to the backpack was a large amount of drug packaging material in the form of small zip lock baggies.

12. Another individual, J.T., was detained in the driveway, and a third individual, M.K., was detained as she exited the residence.

13. During the initial sweep of the residence, the search warrant entry team saw a rifle and a plate of white powder in the downstairs bedroom (later identified as KEVIN TA's room). Members of the search warrant team donned safety gear and collected the white powder. The search warrant team and members of the Washington State Patrol Crime Laboratory cleared the residence for detectives to search.

14. M.K. was advised of her constitutional rights and interviewed by Detective Fitchett. M.K. stated she does not live at the location, but advised that she had recently been staying in TA's bedroom, located in the downstairs of the residence. M.K. was asked whether there was any fentanyl in the house, and she stated she did not think so. She believed the white powder on the plate was methamphetamine.

15. J.T. was detained and advised of his constitutional rights. J.T. was asked which room KEVIN TA lives in, and he stated that TA lives in the downstairs master bedroom. When J.T. was told that there were guns found inside of the house, J.T. stated that they belonged to his business partner. J.T. was asked if he had seen TA with any of the guns in the house, and J.T. stated yes.

16. KEVIN TA was advised of his constitutional rights and interviewed by Detective Fitchett. TA said that J.T. stays in an upstairs bedroom and that TA lives in the

AFFIDAVIT OF SPECIAL AGENT MERRITT - 4
USAO 2018R00935

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

downstairs bedroom. He further stated that M.K. had only been staying there the last few days.

17. During the execution of the search warrant, detectives located six handguns, a shotgun, a rifle, two bump stocks, ammunition, body armor, a digital scale, narcotics packaging, suspected fentanyl, methamphetamine and heroin. Almost all of the drugs and firearms were recovered from TA's bedroom along with documents of dominion and control in the name of KEVIN TA.

18. Detectives found one loaded .40 caliber handgun, a drug ledger, seven cell phones and approximately .7 grams of methamphetamine in an upstairs bedroom that J.T. admitted was his. J.T. was arrested by King County Sheriff's Detective Alex Hawley.

19. In the closet of TA's bedroom, detectives found:

    i. One loaded LWRC AR type rifle;

    ii. Two bump stocks;

    iii. A loaded rifle magazine;

    iv. Ammunition of various calibers and other firearm accessories;

    v. A green folder containing various documents in the name of Kevin TA; and

    vi. Two safes.

20. The safes were later found to contain a total of six handguns, and approximately two ounces of methamphetamine, two ounces of heroin, one gram of suspected fentanyl, and several fentanyl test strips. Due to the fentanyl hazard, deputies were unable to weigh the controlled substances out of the packaging.

21. The suspected methamphetamine and heroin were tested at the King County Medical Examiner's Office using the TruNarc machine, and the results provided a presumptive positive result for methamphetamine and heroin.

AFFIDAVIT OF SPECIAL AGENT MERRITT - 5
USAO 2018R00935

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

22. KEVIN TA was transported to King County Sheriff's Office Precinct 4 and again advised of his constitutional rights. He was also advised that the room was audio and video recorded. TA again waived his rights, acknowledged the recordings, and agreed to speak with detectives. During that interview, TA admitted that he sold drugs as his main source of income. TA said that all of the drugs located during the search warrant belonged to him and that he supplied drugs to M.K.. TA also stated the Audi contained heroin.

23. ATF SA Catherine Cole, who has received specialized training in the recognition and identification of firearms and ammunition and their place of manufacture, examined the firearms recovered from TA's bedroom closet. Based on her knowledge and experience as a certified Interstate Nexus Expert, SA Cole determined that these firearms were not manufactured in the state of Washington. As a result, the firearms must have traveled in, and thereby affected, interstate or foreign commerce in order to be received or possessed in the state of Washington.

C.   **Search of the Audi.**

24. On June 28, 2018, Bellevue Police Detective James Keene served a King County Superior Court search warrant on the white Audi S4 bearing Washington license plate BIS8300. This is the vehicle that TA was sitting in when he was arrested.

25. **SUBJECT DEVICES 1, 2, 3, 4 and 5** were recovered from the front driver's seat area where TA was seated, as depicted in the photograph below.

AFFIDAVIT OF SPECIAL AGENT MERRITT - 6
USAO 2018R00935

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970



26.  In the center console area, Detective Keene found a wallet with TA's identification card and two separate stacks of cash totaling $531.00.

27.  In the trunk of the car, Detective Keene found two loaded firearms, a Smith and Wesson 9mm caliber handgun and a Glock 19 9mm handgun.

28.  The trunk also contained a backpack. Detective Keene searched the backpack and recovered suspected heroin, suspected methamphetamine, and suspected fentanyl. Each of these items were later tested by the King County Medical Examiner's Office using the TruNarc machine, with presumptive positive results for heroin, methamphetamine, ~~heroin~~, and cocaine, respectively. Detective Keene also found **SUBJECT DEVICE 6** in the backpack, along with unused plastic baggies and a scale.

AFFIDAVIT OF SPECIAL AGENT MERRITT - 7
USAO 2018R00935

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**D.   TA's Criminal History.**

29.   According to documents filed in King County Superior Court, Washington, TA has been convicted of Robbery in the First Degree, under cause number 12-1-04954-4, in King County Superior Court, Washington, on or about January 24, 2013. This crime is a felony under Washington law, punishable by a term of imprisonment exceeding one year. TA is therefore ineligible to possess firearms under state and federal law.

## COMMON CHARACTERISTICS OF DRUG DEALERS

30.   As a result of my training and experience, and based on my consultation with other agents and law enforcement officers, I have an understanding of the manner in which narcotics are distributed and the various roles played by individuals and groups in their distribution. I have encountered and have become familiar with various tools, methods, trends, paraphernalia, and related articles utilized by various traffickers in their efforts to import, conceal, and distribute controlled substances. I am also familiar with the manner in which drug traffickers use telephones, often cellular telephones, to conduct their unlawful operations. I am also familiar with the manner in which drug traffickers will use weapons to protect their drug activities and further its goals.

31.   Based upon my training, experience, and conversations with other experienced officers and agents, I know that:

a.   Drug trafficking conspiracies usually take place over several months or years, and continue to operate even when enforcement activity results in arrests and/or seizures of drugs and/or money.

b.   Persons involved in the distribution of controlled substances typically will obtain and distribute drugs on a regular basis, much as a distributor of a legal commodity would purchase stock for sale. Similarly, such drug dealers will maintain an "inventory," which will fluctuate in size depending upon the demand for and the available supply of the product.

c.   Those involved in the distribution of illicit drugs often communicate by telephone in connection with their illegal activities in order to set up

AFFIDAVIT OF SPECIAL AGENT MERRITT - 8
USAO 2018R00935

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

    meetings with coconspirators, conduct drug transactions, or to arrange for the transportation drugs or drug proceeds.

  d. Drug traffickers routinely change telephone numbers in an attempt to thwart law enforcement. When certain members of a drug trafficking organization change their telephone numbers, they typically call other members to alert them of the telephone number change.

  e. Those involved in the distribution of illicit drugs often travel by car in connection with their illegal activities in order to meet with coconspirators, conduct drug transactions, or to transport drugs or drug proceeds.

  f. Drug dealers use cellular telephones as a tool or instrumentality in committing their criminal activity. They use them to maintain contact with their suppliers, distributors, and customers. They prefer cellular telephones because, first, they can be purchased without the location and personal information that land lines require. Second, they can be easily carried to permit the user maximum flexibility in meeting associates, avoiding police surveillance, and traveling to obtain or distribute drugs. Third, they can be passed between members of a drug conspiracy to allow substitution when one member leaves the area temporarily. Since cellular phone use became widespread, every drug dealer I have contacted has used one or more cellular telephones for his or her drug business. I also know that it is common for drug traffickers to retain in their possession phones that they previously used, but have discontinued actively using, for their drug trafficking business. Based on my training and experience, the data maintained in a cellular telephone used by a drug dealer is evidence of a crime or crimes. This includes the following:

AFFIDAVIT OF SPECIAL AGENT MERRITT - 9
USAO 2018R00935

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

      i.     The assigned number to the cellular telephone (known as the mobile directory number or MDN), and the identifying telephone serial number (Electronic Serial Number, or ESN), (Mobile Identification Number, or MIN), (International Mobile Subscriber Identity, or IMSI), or (International Mobile Equipment Identity, or IMEI) are important evidence because they reveal the service provider, allow us to obtain subscriber information, and uniquely identify the telephone. This information can be used to obtain toll records, to identify contacts by this telephone with other cellular telephones used by co-conspirators, to identify other telephones used by the same subscriber or purchased as part of a package, and to confirm if the telephone was contacted by a cooperating source.

      ii.    The stored list of recent received, missed, and sent calls is important evidence. It identifies telephones recently in contact with the telephone user. This is valuable information in a drug investigation because it will identify telephones used by other members of the organization, such as suppliers, distributors and customers, and it confirms the date and time of contacts. If the user is under surveillance, it identifies what number he called during or around the time of a drug transaction or surveilled meeting. Even if a contact involves a telephone user not part of the conspiracy, the information is helpful (and thus is evidence) because it leads to friends and associates of the user who can identify the user, help locate the user, and provide information about the user. Identifying a defendant's law-abiding friends is often just as useful as

AFFIDAVIT OF SPECIAL AGENT MERRITT - 10
USAO 2018R00935

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

          identifying his drug-trafficking associates. The information is also valuable in the firearms context because it will identify telephones used by other individuals who are part of illegal firearms transactions, and confirm the date and time of contacts.

    iii.    Stored text messages are important evidence, similar to stored numbers. Agents can identify both drug associates, and friends of the user who likely have helpful information about the user, his location, and his activities.

    iv.    Photographs on a cellular telephone are evidence because they help identify the user, either through his or her own picture, or through pictures of friends, family, and associates that can identify the user. Pictures also identify associates likely to be members of the drug trafficking organization. Some drug dealers photograph groups of associates, sometimes posing with weapons and showing identifiable gang signs. Also, digital photos often have embedded "geocode" or GPS information embedded in them. Geocode information is typically the longitude and latitude where the photo was taken. Showing where the photo was taken can have evidentiary value. This location information is helpful because, for example, it can show where coconspirators meet, where they travel, and where assets might be located. Based on my training and experience in investigating numerous firearms possession and trafficking offenses, I am aware that when individuals who are prohibited from legally possessing firearms seek to acquire firearms, they typically seek to obtain the firearms from private sellers. A common way in

AFFIDAVIT OF SPECIAL AGENT MERRITT - 11  
USAO 2018R00935

UNITED STATES ATTORNEY  
700 STEWART STREET, SUITE 5220  
SEATTLE, WASHINGTON 98101  
(206) 553-7970

which these types of private firearm sales, also referred to as "street sales," are transacted is via electronic communications such as text message, email, and/or telephone calls. I know that cell phones are frequently used to arrange such transactions because of the flexibility and mobility they offer. I am further aware that when individuals are offering items of value for sale, such as firearms, it is common for them to take a photograph of the item and send it via text message or email to an interested party for their review, or to take a photograph of it to post/advertise it via social media or the internet. During numerous investigations of firearms sales, I have found it to be common for buyer's or seller's cell phones to contain photographs of the firearms that were bought or sold.

v. Stored address records are important evidence because they show the user's close associates and family members, and they contain names and nicknames connected to phone numbers that can be used to identify suspects.

//
//

AFFIDAVIT OF SPECIAL AGENT MERRITT - 12
USAO 2018R00935

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## CONCLUSION

32. Based on the foregoing, I respectfully submit that there is probable cause to search **SUBJECT DEVICES 1-6**, more fully described in Attachment A, for evidence, fruits, and instrumentalities of the crimes of felon in possession of firearms, in violation of Title 18, United States Code, Section 922(g)(1), distribution and possession with intent to distribute controlled substances in violation of Title 21, United States Code, Sections 841(a)(1), and possession of firearms in furtherance of drug trafficking, in violation of 18, United States Code, Section 924(c)(1)(A), as further described in Attachment B.

Nathaniel Merritt, Special Agent
Alcohol, Tobacco, Firearms, and
Explosives (ATF)

The above-named agent provided a sworn statement attesting to the truth of the contents of the foregoing affidavit on this 23rd day of October, 2018.

HON. MARY ALICE THEILER
United States Magistrate Judge

AFFIDAVIT OF SPECIAL AGENT MERRITT - 13
USAO 2018R00935

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

# ATTACHMENT A

## Devices to Be Searched

**SUBJECT DEVICE 1** is an iPhone S Model A1634 ID: BCG-E2944A IC: 579C-E2944A in a black Otter Box case, recovered from the driver's seat area of the white Audi and believed to belong to KEVIN TA.

**SUBJECT DEVICE 2** is an iPhone of unknown model in a Caseology case with no identifying number visible, recovered from the driver's seat area of the white Audi and believed to belong to KEVIN TA.

**SUBJECT DEVICE 3** is an iPhone of unknown model in a Divi case with no identifying number visible, recovered from the driver's seat area of the white Audi and believed to belong to KEVIN TA.

**SUBJECT DEVICE 4** is a Huawei Nexus Model H1511 bearing serial number 34B 7N 15803000159, recovered from the driver's seat area of the white Audi and believed to belong to KEVIN TA.

**SUBJECT DEVICE 5** is a Galaxy S9 in a UAG case with no identifying number visible, recovered from the driver's seat area of the white Audi and believed to belong to KEVIN TA.

**SUBJECT DEVICE 6** is a LG Model k330 S/N: 601CYUK075734, recovered from a backpack in the trunk of the white Audi and believed to belong to KEVIN TA.

**SUBJECT DEVICES 1-6** are currently stored in evidence at the ATF Seattle Field Office, located at 1521 First Avenue South, Suite 600, in Seattle, Washington.

With respect to **SUBJECT DEVICES 1-6**, the authority to search includes both the device itself and any associated SIM card, SD card, or other similar storage device found within **SUBJECT DEVICES 1-6** at the time of their seizure on June 21, 2018.

## ATTACHMENT B

### Items to be Seized

From **SUBJECT DEVICES 1-6** described in Attachment A of this warrant, the government is authorized to search for and seize the following items, which are evidence and/or fruits of the commission of the following crimes: felon in possession of a firearm, in violation of Title 18, United States Code, Section 922(g)(1), distribution and possession with intent to distribute controlled substances in violation of Title 21, United States Code, Sections 841(a)(1), and possession of firearms in furtherance of drug trafficking crimes, in violation of Title 18, United States Code, Section 924(c):

a. Assigned number and identifying telephone serial number (ESN, MIN, IMSI, or IMEI);

b. Stored list of recent received, sent, and missed calls;

c. Stored contact information;

d. Stored photographs related to controlled substances, currency, drug packaging material, firearms, or other evidence of drug trafficking, and/or the user of the phone or suspected co-conspirators, including any metadata such as embedded GPS data associated with those photographs; and

e. Stored text or chat messages related to possession or distribution of controlled substances and possession of firearms, including Apple iMessages, Facebook Messenger messages or other similar messaging services where the data is stored on the telephone.